Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

### _Middle_ District of _PENNSYLVANIA_

_____ Division

| | |
|---|---|
| CLEVELAND THOR ADAMS | )  Case No. __3:19 cv 388__ |
| Plaintiff(s) | )  _(to be filled in by the Clerk's Office)_ |
| _(Write the full name of each plaintiff who is filing this complaint._ | ) |
| _If the names of all the plaintiffs cannot fit in the space above,_ | ) |
| _please write "see attached" in the space and attach an additional_ | )  **FILED** |
| _page with the full list of names.)_ | )  **SCRANTON** |
| -v- | ) |
| | )  MAR 04 2019 |
| "See Attached". | ) |
| Defendant(s) | )  PER _____ |
| _(Write the full name of each defendant who is being sued.  If the_ | )  DEPUTY CLERK |
| _names of all the defendants cannot fit in the space above, please_ | ) |
| _write "see attached" in the space and attach an additional page_ | ) |
| _with the full list of names.  Do not include addresses here.)_ | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Cleveland Thor Adams

All other names by which you have been known: Julius Montez Dubose

ID Number: 14780-006

Current Institution: USP Allenwood

Address: P.O. Box 3000

White Deer    PA    17887-3000
City      State     Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Jody Meehan-Bennet

Job or Title (if known): Physician

Shield Number:

Employer: Federal Bureau of Prisons

Address: P.O. Box 3500

White Deer    PA    17887
City      State     Zip Code

☒ Individual capacity    ☐ Official capacity

Defendant No. 2

Name: Jennifer Holtzapple

Job or Title (if known): Physician

Shield Number:

Employer: Federal Bureau of Prisons

Address: P.O. Box 3500

White Deer    PA    17887
City      State     Zip Code

☒ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name                              Scampone
Job or Title *(if known)*         Medical Assistant
Shield Number
Employer                          Federal Bureau of Prisons
Address                           P.O. Box 3500

White Deer          PA          17887
  *City*          *State*       *Zip Code*

[X] Individual capacity    [ ] Official capacity

Defendant No. 4

Name                              Brian Buschman
Job or Title *(if known)*         Medical Doctor
Shield Number
Employer                          Federal Bureau of Prisons
Address                           P.O. Box 3500

White Deer          PA          17887
  *City*          *State*       *Zip Code*

[X] Individual capacity    [ ] Official capacity

II.   **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[X] Federal officials (a *Bivens* claim)

[ ] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. The Parties to this Complaint
   B. The Defendant(s) Continued  pg 1


Defendant No. 5
Name            C. Trump
Job or Title    Registered Nurse
Employer        Federal Bureau of Prisons
Address         P.O. 3500
                White Deer      PA        17887
                City          State      Zip code
                ☒ individual capacity ☐ official capacity


Defendant No. 6
Name            C. Williams
Job or Title    Psychologist
Employer        Federal Bureau of Prisons
Address         P.O. Box 3500
                White Deer      PA        17887
                City          State      Zip code
                ☒ individual capacity ☐ official capacity


Defendant No. 7
Name            S. Prutzman
Job or Title    S I A
Employer        Federal Bureau of Prisons
Address         P.O. Box 3500
                White Deer      PA        17887
                City          State      Zip code
                ☒ individual capacity ☐ official capacity


Defendant No. 8
Name            Gene Beasley
Job or Title    Warden
Employer        Federal Bureau of Prisons
Address         P.O. Box 3500
                White Deer      PA        17887
                City          State      Zip code
                ☒ individual capacity ☐ official capacity

I. The Parties to this Complaint
   B. The Defendant(s)  Continued   pg 2

Defendant No. 9
Name              S. Gibson
Job or Title      Associate Warden
Employer          Federal Bureau of Prisons
Address           P.O. Box 3500
                  White Deer    PA      17887
                  City          State    Zip Code
                  ☒ Individual Capacity ☐ Official Capacity

Defendant No. 10
Name              S. Pliler
Job or Title      Associate Warden
Employer          Federal Bureau of Prisons
Address           P.O. Box 3500
                  White Deer    PA      17887
                  City          State    Zip Code
                  ☒ Individual Capacity ☐ Official Capacity

Defendant No. 11
Name              John Doe(s)
Job or Title      Correctional Health Services Staff
Employer          Federal Bureau of Prisons
Address           P.O. Box 3500
                  White Deer    PA      17887
                  City          State    Zip Code
                  ☒ Individual Capacity ☐ Official Capacity

Defendant No. 12
Name              Brosard
Job or Title      Correctional Officer
Employer          Federal Bureau of Prisons
Address           P.O. Box 3500
                  White Dear    PA      17887
                  City          State    Zip Code
                  ☒ Individual Capacity ☐ Official Capacity

I. The Parties to this Complaint
   B. The Defendant(s)  Continued   pg 3

Defendant No. 13
Name             Pensyl
Job or Title     Correctional officer
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA      17887
                 City        State    Zip Code
                 ☒ individual Capacity ☐ official Capacity

Defendant No. 14
Name             Duran
Job or Title     Lieutenant
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA      17887
                 City        State     Zip Code
                 ☒ individual Capacity ☐ official Capacity

Defendant No. 15
Name             John Doe(s)
Job or Title     Correctional Officers
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA      17887
                 City        State     Zip Code
                 ☒ individual Capacity ☐ official Capacity

Defendant No. 16
Name             R. Rakowski
Job or Title     Lieutenant
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA      17887
                 City        State     Zip Code
                 ☒ individual Capacity ☐ official Capacity

I. The Parties to the Complaint
   B. The Defendant(s) Continued   pg 4

Defendant No. 17
NAME             J. Mulrine
Job or Title     Advanced Level Psychologist
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA    17887
                 City        State    Zip Code
                 ☒ Individual Capacity ☐ Official Capacity

Defendant No. 18
NAME             R. Rishel
Job or Title     Registered Nurse
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA    17887
                 City        State    Zip Code
                 ☒ Individual Capacity ☐ Official Capacity

Defendant No. 19  ~~M. Lesher~~
NAME             M. Lesher
Job or Title     Registered Nurse
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA    17887
                 City        State    Zip Code
                 ☒ Individual Capacity ☐ Official Capacity

Defendant No. 20
NAME             Boyer
Job or Title     Correctional Officer
Employer         Federal Bureau of Prisons
Address          P.O. Box 3500
                 White Deer    PA    17887
                 City        State    Zip Code
                 ☒ Individual Capacity ☐ Official Capacity

I. the Parties to this Complaint
  B. The Defendant(s) Continued   pg 5

  Defendant No. 21
  Name            N. Kimbel
  Job or Title    Chief psychologist
  Employer        Federal Bureau of Prisons
  Address         P.O. Box 3500
                  White Dear    PA      17887
                  City          State   Zip Code
                  ☒ Individual Capacity  ☐ official Capacity

  Defendant No. 22
  Name            Friant
  Job or Title    Correctional Officer
  Employer        Federal Bureau of Prisons
  Address         P.O. Box 3500
                  White Deer    PA      17887
                  City          State   Zip Code
                  ☒ Individual Capacity  ☐ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Eighth Amendment rights violated by deliberate indifference towards Plaintiffs serious medical needs, psychiatric needs, use of excessive force, FIFth Amendment rights to Due Process, First Amendment right to Access the Courts

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Each Defendant is a federal employee Acting under color of federal law

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☒   Convicted and sentenced federal prisoner

☐   Other *(explain)*   _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

USP Allenwood

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

7-1-18 to Now, 12-1-18 to 12-31-18, 1-2-19, 1-9-19- Now, 2-7-19, 2-8-19, 2-19-19

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* CONSTITUTIONAL right to be free from cruel and unusual punishments guaranteed by the Eighth Amendment of the United States Constitution. CLAIM ONE: Deliberate indifference towards Plaintiffs serious medical needs: A) Defendant Jody Meehan Bennet PA, Acted deliberately indifferent towards Plaintiffs serious medical needs by intentionally denying And delaying prompt medical treatment to Plaintiff from 1-31-19 to present date for serious medical condition, specifically a lump on left testicle, causing chronic pain to Plaintiff reported to J. Bennet by sick call on 1-31-19.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Lump on left testicle causing chronic pain, additional increased chronic pain after sexual assault, assessed during PREA Assessment, cuts to wrists-massive swelling, abrasions, calluses, blisters on feet from wearing institution boots, high blood glucose, due to denials-delays receiving prescribed insulin, increased diabetic neuropathy from no medication from 1-12-19 to 2-5-19 then from 2-7-19 to 2-21-19, Depression, paranoia, anxiety, PTSD, panic attacks

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Plaintiff seeking monetary damages of $200,000.00
Plaintiff seeking compensatory damages of $200,000.00
Plaintiff seeking punitive damages of $400,000.00
Plaintiff seeking nominal damages to be decided by jury

Damages are for each Defendant (individual capacity)

IV. Statement of Claim
   D. Facts of Claims Continued   pg 1

On 1-31-19, Plaintiff provided subjective knowledge of serious medical condition to J. Holtzapple during morning insulin-sick call who then hand delivered the written sick call request directly to J. Bennet at that time asking J. Bennet if she received Plaintiffs first sick call complaint that Plaintiff provided to B. Buschman while on Suicide Watch on 1-28-19 in the Health Services Hospital and J. Bennet responded that she did not receive that sick call request from B. Buschman. The intentional denial and delay from 1-31-19 by J. Bennet has had detrimental effect on Plaintiff subjecting Plaintiff to increased chronic pain in left testicle then the Plaintiff was sexually assaulted on 2-7-19 increasing the existing chronic pain and swelling in the left testicle to an unconstitutional degree, as the sexual assault assessment revealed the lump on left testicle with chronic pain. On 2-8-19 during morning insulin-sick call I verbally reported to J. Holtzapple, accompanied by Scampone, that I was sexually assaulted on 2-7-19, was in excruciating pain, and did not have access to Duloxetine prescribed for pain as R. Rakowski confiscated the self carry medication intentionally interfering with Plaintiffs prescribed medication. On 2-11-19 during morning insulin-sick call I submitted a sick call request to J. Holtzapple, accompanied by Scampone complaining of increased chronic pain in left testicle and swelling from sexual assault on 2-7-19. On 2-13-19 during morning insulin-sick call I submitted a sick call request to A. Pedro complaining of increased chronic pain in left testicle and swelling from sexual assault on 2-7-19. On 2-14-19 during morning insulin-sick call, I submitted a sick call request directly to J. Bennet and verbally complained of increased chronic pain in left testicle and swelling from sexual assault on 2-7-19 and not having access to Duloxetine, the medication prescribed self carry by J. Bennet for pain, due to intentional interference with the prescribed medication by R. Rakowski withholding it. J. Bennet stated "you are scheduled to be seen," but as of date I have not been seen.

[2] intentionally denying and delaying prompt medical treatment to Plaintiff on 1-21-19 as J. Bennet in the Health Services Hospital during morning insulin-sick call while Plaintiff was on Suicide Watch possessed subjective knowledge that Plaintiff refused insulin three times on 1-19-19, three times on 1-20-19, and was complaining of chest pains and increased heart rate all night to morning of 1-21-19, and currently non-responsive to J. Bennets verbal commands to move, J. Bennet informed custody staff.

IV. STATEMENT OF CLAIM
    D. Facts of Claims Continued  pg 2


Custody staff banged on window for minutes before Plaintiff was awoken showing movement, and J. Bennet ignored and completely disregarded all known substantial risks of serious harm posed to the Plaintiffs health and safety by refusing to order custody staff to secure the Plaintiff to conduct any form of medical evaluations or assessments. During a period J. Bennet was subjectively aware of Plaintiffs suicidal status requiring twenty four hour watch.

[3] intentionally denying and delaying prompt medical treatment to Plaintiff and interfering with prescribed medication from 1-11-19 to 2-21-19 for Plaintiffs prescribed medications which were discontinued for alleged NON-compliance by C.trump. J. Bennet possessed subjective knowledge of Plaintiffs serious medical conditions requiring medications to be reinstated and Plaintiff being on suicide watch in the Health Services Hospital from 1-9-19 to 1-29-19, but intentionally exposed Plaintiff to the substantial risk of serious harm by not represcribing the discontinued prescriptions for Venlafaxine (150mg) and Oxcarbazapene (300mg), completely abandoning these pill line medications subjecting Plaintiff to increased chronic diabetic neuropathy, chronic pain, anxiety, paranoia, depression, Post Traumatic Stress Disorder, suicidal thoughts, hallucinations. On 2-4-19, after a twenty three day delay, J. Bennet, due to a personal bias against Plaintiffs history of engaging in sexual acts with female staff, instead of restarting previous pill line medications now interfered with Plaintiffs prescriptions and prescribed one medication self carry to eliminate Plaintiffs access to pill line (Duloxetine 30mg). Plaintiff notified J. Holtzapple accompanied by Scampone on 2-8-19, J. Waldaman on 2-9-19 during PREA assessment, J. Holtzapple accompanied by Scampone on 2-11-19, A. Pedro on 2-13-19, J. Bennet on 2-14-19, A. Pedro on 2-15-19, J. Bennet on 2-19-19, and informed all staff that R. Rakowski was withholding self carry medication Duloxetine since 2-7-19 causing Plaintiff detrimental effect of missing doses causing increased chronic diabetic neuropathy, chronic pain, anxiety, paranoia, depression, Post Traumatic Stress Disorder, suicidal thoughts, hallucinations, and loss of concentration leading to panic attacks. Ignoring and completely disregarding Plaintiffs serious medical condition,

# IV. Statement of Claim
## D. Facts of Claim Continued pg 3

J. Bennet intentionally interfered with prescription she prescribed to cover for R. Rakowski intentionally interfering with prescription, and to cause Plaintiff pain for Plaintiffs history and for Plaintiff previously exercising protected right to petition the government for redress against J. Bennet and B. Buschman for restricting soft shoe pass for Plaintiff to substantial risk of serious harm. J. Bennet never took action with putting an order in to the Pharmacy for Duloxetine 30mg and on 2-21-19 when Plaintiff received self carry medication, it was 60mg instead of 30mg. Intentionally denied and delayed prompt medical treatment, intentionally interfered with prescribed treatment, specifically Plaintiffs previously prescribed soft shoe pass and diabetic soft shoes. J. Bennet possessed subjective knowledge of the Plaintiffs serious medical conditions diabetic neuropathy and Type One Diabetes, the Plaintiffs previous foot conditions resulting from institution issued boots, the Plaintiffs reported foot conditions resulting from institution issued boots at USP Allenwood, and the substantial risk of infections that lead to amputations, but J. Bennet ignored and disregarded these known substantial risks of serious harm posed to Plaintiffs health and safety by not renewing Plaintiffs soft shoe pass or issuing Plaintiff soft diabetic shoes.

  b) Defendant Jennifer Holtzapple PA, acted deliberately indifferent towards the Plaintiffs serious medical needs by Intentionally denying and delaying prompt medical treatment to Plaintiff for increased chronic pain in left testicle resulting from sexual assault (PREA) occuring on 2-7-19. J. Holtzapple accompanied by Scampone, a medical assistant, received subjective knowledge verbally from Plaintiff on 2-8-19 from personal knowledge indicating sexual assault, increased chronic pain in left testicle, non-access to Duloxetine 30mg self carry medication for pain, and that no other staff have been informed about sexual assault. J. Holtzapple and Scampone ignored my report of the sexual assault, the serious medical condition, and the non-access to self carry medication for pain, denying me Due Process of Law violating Fifth Amendment Constitutional right. The intentional delay by J. Holtzapple and Scampone was due to a personal bias against Plaintiffs history of engaging in sexual acts with female staff which they both are aware of per BEMR.

IV. STATEMENT OF CLAIM
   D. Facts of Claims Continued   Pg 4

[2] Intentionally interfered with prescribed medication for pain Duloxetine 30mg by receiving subjective knowledge from Plaintiff of recent sexual assault (PREA), increased chronic pain in left testicle from sexual assault, and current non-access to Duloxetine, which was prescribed for pain, due to interferance by R.Rakowski withholding the prescribed medication. The delay increased the chronic pain that was posed to Plaintiff as a result of the pre-existing chronic pain in left testicle, plus the sexual assault, thereby having a detrimental effect that was obvious during PREA Assessment revealing the lump located on left testicle.

   C) Defendant Scampone, Medical Assistant, acted deliberately indifferent towards Plaintiffs serious medical needs by

[1] Intentionally denying and delaying prompt medical treatment to Plaintiff for increased chronic pain in left testicle resulting from sexual assault (PREA) to the Plaintiff on 2-7-19. Scampone, while accompanying J.Holtzapple during morning insulin-sick call on 2-8-19, received subjective knowledge verbally from the Plaintiff indicating increased chronic pain in left testicle, the sexual assault (PREA) not being reported to any staff yet, and Plaintiffs non-access to self carry medication Duloxetine prescribed for pain, due to interferance by R.Rakowski withholding the prescribed medication. Scampone and J.Holtzapple ignored my report of sexual assault, the serious medical condition, and the non-access to self carry medication prescribed for pain, denying me due process of law violating Fifth Amendment constitutional right. The intentional delay by Scampone and J.Holtzapple was due to a personal bias against Plaintiffs history of engaging in sexual acts with female staff which they both are aware of per BEMR.

   D) Defendant Brian Buschman, Medical Doctor, acted deliberately indifferent towards Plaintiffs serious medical needs by

[1] Intentionally denying and delaying prompt medical treatment to Plaintiff from 1-28-19 to present date for serious medical condition, specifically a lump on left testicle causing chronic pain. B.Buschman received subjective knowledge of Plaintiffs serious medical conduct, condition by a sick call request while Plaintiff was on suicide watch in the Health Services Hospital as Plaintiff was in pain with no pain medication on 1-28-19.

IV. STATEMENT OF CLAIM
   D. Facts of Claims Continued  Pg 5

Despite subjective knowledge, B. Bushman ignored and completely disregarded Plaintiffs health and safety exposing Plaintiff to an excessive risk of serious harm in retaliation for Plaintiff exercising constitutional right to petition the government for redress whereas B. Bushman discontinued Plaintiffs soft shoe pass and diabetic soft shoes ignoring all those excessive risks of serious harm posed to Plaintiff.

Intentionally interfering with prescribed medical treatment, by discontinuing the Plaintiffs soft shoe pass and access to diabetic soft shoes without any non-compliance while possessing subjective knowledge of Plaintiffs serious medical conditions diabetic neuropathy and Type One Diabetes, the Plaintiffs previous foot conditions resulting from institution issued boots, and the substantial risk of infections that lead to amputations, but B. Bushman ignored and completely disregarded these known substantial risks of serious harm posed to Plaintiffs health and safety by interfering with a prescribed course of treatment.

   E) Defendant C. Trump, Registered Nurse, acted deliberately indifferent towards Plaintiffs serious medical needs by

Intentionally interfering with Plaintiffs prescribed medication, by falsifying federal documents (Plaintiffs Bureau Electronic Medical Records) falsely alleging Plaintiff was non-compliant with the administrations of pill line medications: Venlafaxine (150 mg) and Oxcarbazepene (300 mg) while on suicide watch on 1-11-19 in the Health Services Hospital. C. Trump possessed subjective knowledge of Plaintiffs serious medical conditions per BEMR but due to wrongful motivation and personal bias towards Plaintiffs history of engaging in sexual acts with female staff, C. Trump was determined to claim falsely non-compliance to eliminate Plaintiffs pill line access to eliminate Plaintiffs access to female staff. The delay was detrimental to Plaintiff from 1-11-19 to present date subjecting Plaintiff to increased chronic diabetic neuropathy, chronic pain, anxiety, paranoia, depression, Post Traumatic Stress Disorder, suicidal thoughts, hallucinations, loss of concentration leading to panic attacks.

IV. Statement of Claim

D. Facts of Claims Continued Pg 6

F) Defendant C. Williams, psychologist, acted deliberately indifferent towards Plaintiffs serious medical needs by

'Intentionally denying and delaying plaintiff access to medical professionals qualified to provide prompt medical treatment to plaintiff once being alerted to Plaintiffs need for medical attention. On 2-8-19, on a range cell 124, at USP Allenwood, Plaintiff provided C. Williams the subjective knowledge of Plaintiff being sexually assaulted on 2-7-19 by custody staff while in restraints causing increased chronic pain in left testicle requiring prompt medical treatment. C. Williams in response to the knowledge of Plaintiffs serious medical need resulting from a sexual assault (PREA), ignored Plaintiffs serious medical care need by not contacting medical professionals and failed to contact CEO to report sexual assault (PREA) violating Plaintiffs Due Process of Law Constitutional right under the Fifth Amendment.

G) Defendant S. Prutzman, SIA, acted deliberately indifferent towards Plaintiffs serious medical needs by

'Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff once being alerted to Plaintiffs need for medical attention. On 2-8-19, on a range cell 124, at USP Allenwood, Plaintiff provided S. Prutzman in the presence of Warden G. Beasley, Associate Warden S. Gibson, and Associate Warden S. Pliler, the subjective knowledge of Plaintiff being sexually assaulted on 2-7-19 and needing to be pulled out due to increased chronic pain in left testicle requiring prompt medical treatment. S. Prutzman in response to the knowledge of Plaintiffs serious medical need resulting from a sexual assault (PREA), ignored Plaintiffs serious medical care need by not contacting medical professionals and by not initiating initial (PREA) investigation per prison rape elimination act for Plaintiff violating Plaintiffs Due Process of Law Constitutional right under the Fifth Amendment.

H) Defendant G. Beasley, Warden, acted deliberately indifferent towards Plaintiffs serious medical needs by

'Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff

IV. Statement of Claim
D. Facts of Claims Continued  Pg 7

once being Alerted to Plaintiffs Need for Medical Attention. On 2-8-19, on A-range cell 124, At USP Allenwood, Assert same facts from G-one.

I) Defendant S. Gibson, Associate Warden, Acted deliberately indifferent towards Plaintiffs serious medical needs by Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff once being Alerted to Plaintiffs need for medical Attention. On 2-8-19, on A-range cell 124, At USP Allenwood, Assert same facts from G-one.

J) Defendant S. Pliler, Associate Warden, Acted deliberately indifferent towards Plaintiffs serious medical needs by Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff once being Alerted to Plaintiffs need for medical Attention. On 2-8-19, on A-range cell 124, At USP Allenwood, Assert same facts from G-one.

K) Defendant(s) John Doe(s), Mary Jane(s), Acted deliberately indifferent towards Plaintiffs serious medical needs by Intentionally interfered with prescribed insulin on unknown dates (Due to not having medical records or suicide watch log from 1-9-19 to 1-29-19) And dates known 1-27-19, 2-19-19, eliminating Plaintiffs Access to prescribed treatment while Plaintiff was on suicide watch being housed in the Health Services Hospital. The denials, delays, And interferances caused Plaintiff high blood glucose levels aggravating diabetic Neuropathy for which Plaintiff was not being treated for due to Venlafaxine (150mg) and Oxcarbazapene (300mg) being discontinued.

L) Defendant Brosard, Correctional Officer, Acted deliberately indifferent towards Plaintiffs serious medical needs by Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff once being Alerted to Plaintiffs need for medical Attention. On 2-19-19, Plaintiff Alerted Brosard to medical not delivering prescribed insulin As Plaintiff is insulin dependant while on A-range cell 103, but Brosard ignored and subsequently failed to take Action and contact medical professionals of Plaintiffs serious medical need.

IV. Statement of Claim
    D. Facts of Claims Continued   Pg 8


   L) Defendant Brosard, correctional officer, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by
'Intentionally failing to take action or inform competent authorities once being alerted to Plaintiffs psychiatric needs on 2-19-19 at lunch on A-range cell 103 when Plaintiff stated "feeling like hurting myself but Dr. williams told me to tell custody before engaging in self-harm," Brosard secured Plaintiff in handcuffs, then allowed Pensyl to order the Plaintiff to return restraints without being pulled out of cell and assessed by psychology staff while Plaintiff was on Suicide Risk Management Plan. Psychology was never contacted.

   M) Defendant Pensyl, correctional officer, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by
'Intentionally failing to take action or inform competent authorities once being alerted to Plaintiffs psychiatric needs on 2-19-19 at lunch on A-range cell 103 when Plaintiff was in handcuffs for stating to Defendant L "feeling like hurting myself but Dr. williams told me to tell custody before engaging in self-harm," ordered Plaintiff to return the handcuffs without being pulled out of cell and assessed by psychology staff while Plaintiff was on Suicide Risk Management Plan. Psychology was never contacted.

   M) Defendant Pensyl, correctional officer, acted deliberately indifferent towards Plaintiffs serious medical needs by
'Intentionally denying and delaying Plaintiff access to medical professionals qualified to provide prompt medical treatment to Plaintiff once being alerted to Plaintiffs need for medical attention. On 2-19-19, Plaintiff alerted Pensyl to medical not delivering prescribed insulin as Plaintiff is insulin dependent while on A-range cell 103, but Pensyl ignored and subsequently failed to take action and contact medical professionals of Plaintiffs serious medical need.

# IV. Statement of Claim
## D. Facts of Claims Continued    Pg 9

N) Defendant Duran, Lieutenant, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by
Intentionally failing to take action or inform competent authorities once being alerted to Plaintiffs psychiatric needs on 1-2-19 during escort of Plaintiff from Lieutenants office to the Special Housing Unit when Plaintiff stated to Duran "I will kill myself before I go back to the SHU." Duran laughed at Plaintiff and stated "do us all a favor then," and brought Plaintiff to the SHU, then leaving back to general population.

O) Defendant(s) John Doe(s), correctional officers, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by
Intentionally failing to take action or inform competent authorities once being alerted to Plaintiffs psychiatric needs on 1-2-19 during time when Plaintiff refused to return handcuffs stating "I want to die" repeatedly, then returned handcuffs, removed T-shirt, stretched the T-shirt, tied it around neck, then to top of holding cage. An unknown correctional ofc. stated "go ahead and do it" while another unknown correctional officer stated "do it and I will gas you." Lieutenant R. Rakowski then approached Plaintiff brandishing a can of gas ordering Plaintiff to submit to restraints stating "I will gas you." After a standoff, Plaintiff sat down in cage for a duration of time, was given SHU clothes, and forced to A-range cell 103 without being assessed by psychology. On 1-9-19, C. Williams Phd on A-range in cell 103 declared Plaintiff suicidal and placed Plaintiff on suicide watch from 1-9-19 to 1-25-19, then placed Plaintiff on Suicide Risk Management Plan from 1-25-19 to a projected date of March 1, 2019.

P) Defendant R. Rakowski, Lieutenant, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by
Intentionally failing to take action or inform competent authorities once being alerted to Plaintiffs psychiatric needs on 1-2-19 during time when Plaintiff refused to return handcuffs stating "I want to die" repeatedly, assert same facts from O-one.

IV. Statement of Claim
   D. Facts of Claims Continued   Pg 10

   Q) Defendant J. Mulrine, advanced level psychologist, acted deliberately indifferent towards Plaintiffs serious psychiatric needs by intentionally denying and delaying prompt mental health care to Plaintiff by falsifying federal documents (Plaintiffs Psychology data System) And falsely reporting "brief contact" with Plaintiff in December 2018 for Plaintiffs monthly therapeutic Chronic Care Level (mental) two visit. Plaintiff had zero contact with J. Mulrine during December, when Primary mental Health Care Provider C. Williams was on vacation or unavailable. J. Mulrine falsified the monthly visit due to a personal bias towards Plaintiff And history of engaging in sexual acts with female staff. The delay of mental health care resulted in Plaintiffs placement in SHU under threat assessment of C. Geibal, correctional officer, who felt threatened by Plaintiffs presence in general population without an incident report being written for any prohibited conduct causing Plaintiff to become suicidal.

   R) Defendant R. Rishel, Registered Nurse, acted deliberately indifferent towards Plaintiffs serious medical needs by intentionally denying and delaying prompt medical treatment to the Plaintiff on 2-7-19 during restraint check by observing massive swelling in both hands from tight hand restraints, ordering the hand restraints to be loosened, not documenting the cuts or swelling (edema) on Plaintiffs Bureau Electronic Medical Records (BEMR), covering up Plaintiffs injuries to protect excessive use of force techniques used by R. Rakowski, delaying prompt medical treatment to Plaintiff.

   S) Defendant M. Lesher, Registered Nurse, acted deliberately indifferent towards Plaintiffs serious medical needs by intentionally denying and delaying prompt medical treatment to the Plaintiff on 2-7-19 during application of hard restraints by observing the tightness of hard wrist restraints, but falsely stating that restraints were not tight, allowing them to be used as a form of punishment and excessive use of force technique by R. Rakowski, delaying prompt medical treatment to Plaintiff.

IV. STATEMENT OF CLAIM
    D. Facts of Claims Continued    Pg 11

CLAIM TWO: Excessive Force

P) Defendant R. Rakowski, Lieutenant, subjected Plaintiff to cruel and unusual punishment by using excessive force against plaintiff violating Eighth and Fifth Amendments by, on 2-7-19,

using immediate use of force against Plaintiff without Plaintiff posing a threat to his self by committing self harm, posing a threat to staff by threatening or attempting to assault staff, or posing a threat to property by destroying government property. Plaintiff did not receive Incident report from R. Rakowski or M. Frei for any prohibited conduct and force used was beyond the force necessary to subdue Plaintiff as Plaintiff followed all direct orders by R. Rakowski to submit to restraints, while on SRMP by Psychology staff C. Williams, but was placed directly in hard ambulatory restraints when soft restraints were never ineffective, and before any staff (psychology) could assess Plaintiff to avoid restraints use.

2 using immediate use of force against Plaintiff by sexually assaulting Plaintiff sadistically and maliciously to cause harm to Plaintiff for Plaintiff engaging in protected constitutional right to petition the government for redress against R. Rakowski for denying and delaying access to psychology authorities once being alerted on 1-2-19 of my psychiatric needs. The restraints and sexual assault were used in sadistic malicious manners not to restore good faith and discipline.

T) Defendant Boyer, correctional officer, subjected Plaintiff to cruel and unusual punishment by using excessive force against Plaintiff violating Eighth and Fifth Amendments on 2-7-19 by

using immediate use of force applying excessively tight hard hand wrist restraints in sadistic malicious manner technique to cause unnecessary wanton infliction of pain on Plaintiff not to restore good faith and discipline.

IV. STATEMENT OF CLAIM
   D. FACTS OF CLAIMS Continued   Pg 12

CLAIM THREE: Right to Access the Courts

   F) Defendant C. Williams, psychologist, denied the Plaintiff constitutional right to Access the Courts violating First Amendment by from 1-25-19 to current date, restricting any legal work that is in Plaintiffs stored personal property, due to Plaintiff not having an active case limiting Plaintiffs Access to the Courts to initiate present lawsuit, other lawsuits, and post conviction relief motions challenging plaintiffs federal conviction for case. 4:06-00009-JKS-cr intentionally, because Plaintiff informed C. Williams of intent to seek damages for denial of adequate mental health care treatment per Suicide Risk Management Plan that does not exist in BOP Policy to avoid therapeutic treatment for Paranoid Schizophrenia, Antisocial Personality Disorder, Depressive Disorder, Anxiety, Post Traumatic Stress Disorder, Suicidal behaviors such as self mutilation. All inmates were authorized legal work out of there personal property, but C. Williams would not authorize legal work for me unless I had an active case in court, delaying all my attempts to Access the Courts.

   U) Defendant N. Kimbel, chief psychologist, denied the Plaintiff constitutional right to access the Courts violating First Amendment by from 1-25-19 to current date Authorizing C. Williams to restrict any legal work in Plaintiffs stored personal property, due to Plaintiff not having an active case limiting Plaintiffs Access to the Courts to initiate lawsuit, other lawsuits, and post conviction relief motions challenging plaintiffs federal conviction for case. 4:06-00009-JKS-cr intentionally to assist C. Williams use SRMP to avoid therapeutic treatment for above mentioned mental disorders in F-ONE.

# IV. STATEMENT OF CLAIM
## D. Facts of Claims Continued    Pg 13

U) Defendant Friant, Correctional Officer, denied the Plaintiff constitutional right to access the Courts violating First Amendment on 2-12-19 by interfering with "Certified Mail Receipt 7009 3410 0001 4922 4705" Addressed to "Office of the Clerk, United States District Court, Middle District of Pennsylvania, William J. Nealon Federal BLDG & U.S. Courthouse, 235 North Washington Avenue, P.O. Box 1148, Scranton, PA 18501-1148" which enclosed an approximately 16 page Bivens action against 17 USP Allenwoods Defendants for violations of federal law and a Preliminary Injunction~Temporary Restraining order from Defendants immediately relocating Plaintiff from USP Allenwood. Certified Mail never was processed but was submitted by hand with postage stamps, but never made it to Federal courthouse.

## CLAIM FOUR: Right to due Process of LAW, 5th Amend

G) Defendant S. Prutzman, SIA denied Plaintiff Due Process for Sexual Assault (PREA) Investigation, assert same facts from G-one.

H) Defendant G. Beasley, Warden, denied Plaintiff Due Process for Sexual Assault (PREA) investigation, Assert same facts from G-one.

I) Defendant S. Gibson, Associate Warden, denied Plaintiff Due Process for Sexual Assault (PREA) investigation, Assert same facts from G-one.

J) Defendant S. Pliler, Associate Warden, denied Plaintiff Due Process for Sexual Assault (PREA) investigation, Assert same facts from G-one.

B) Defendant J. Holtzapple, PA, denied Plaintiff Due Process for Sexual Assault (PREA) investigation, Assert same facts from B-one.

Continued on back

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

USP Allenwood

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Denial of Medical treatment, Access to courts, psychology, excessive force, Due Process.

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

USP Allenwood

2.  What did you claim in your grievance?

Denial of soft shoe, soft shoe pass, interfering with previous prescription. Denial of Insulin by medical staff dates unsure (no medical records) Denial, delay, by DUFAN, RAKowski, All SHU staff to psychology staff

3.  What was the result, if any? Denied BP-9 remedy forms completely rendering remedy process unavailable to me for PLRA purposes, Denied additional BP-8 forms for remaining challenges to conditions of confinement

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

Counselor refusing to provide remedy forms and extension memos. due to being on suicide watch, R.Rakowski first threatened me to stop writing him up, second R.Rakowski illegally put me in hard restraints, then R.Rakowski sexually assaulted me causing injury. Remedy is unavailable to me and exhausted under PLRA for all claims.

F.    If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

Denied remedy forms And extension memos
Threatened by R·Rakowski with force, Excessive force Applied,
In fear of Attempting further remedies due to threats and force.

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed,
when and how, and their response, if any:

Counselor J.Bastian, Warden G·Beasley, SIA Prutzman, No Access

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies.

Remedy process rendered "unavailable", Remedies "Exhausted"

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying
the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility,
brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   Cleveland Thor Adams

Defendant(s)   John Doe(s) ET AL

2.   Court *(if federal court, name the district; if state court, name the county and State)*

U.S. District Court for District of Colorado

3.   Docket or index number

NO Access to Legal work in Personal Property

4.   Name of Judge assigned to your case

NO Access to Legal work in Personal Property

5.   Approximate date of filing lawsuit

6-1-18

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.   10-1-18

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Dismissed, failure to complete Complaint in 30 days

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)  _____
    Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3.  Docket or index number

    _____

4.  Name of Judge assigned to your case

    _____

5.  Approximate date of filing lawsuit

    _____

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition  _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX.   Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.   For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   2-27-19

Signature of Plaintiff

Printed Name of Plaintiff   Cleveland Thor Adams

Prison Identification #   14780-006

Prison Address   USP Allenwood, P.O. Box 3000

White Deer               PA      17887
| City | State | Zip Code |

**B.   For Attorneys**

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____
| City | State | Zip Code |

Telephone Number   _____

E-mail Address   _____

M: Cleveland Thor Adams  #14780-006
USP Allenwood
P.O. Box 3000
White Deer, PA 17887    OM

IVED
NTON

4 2019

TY CLERK
al Mail"

TO: Office of the Clerk
    Peter J. Welsh

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
William J. Nealon Federal BLDG
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

9505 5135 2176 9059 15

USPS TRACKING NUM

SHIP
TO:
PO BOX 1148
SCRANTON PA 18501-1148

EXPECTED DELIVERY DAY: 03/04/18





UNITED STATES
POSTAL SERVICE.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.